IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Kinard, a/k/a William Smith, ) | Case No.: 4:23-cv-04303-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Cpl. Katrina Brigman; Officer Demetris ) | |
| Rivers; Sgt. Elain German; and K-9 Ptl. ) | |
| Tyler G. Smith, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation" or "Report"), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff William Kinard, a/k/a William Smith ("Kinard" or "Plaintiff"), proceeding *pro se*, filed this 42 U.S.C. § 1983 Complaint against Defendants Cpl. Katrina Brigman ("Brigman"), Officer Demetris Rivers ("Rivers"), Sgt. Elain German ("German"), and K-9 Ptl. Tyler G. Smith ("Smith"), alleging violations of his Fourth Amendment rights. (DE 13, p. 4.) Kinard alleges on August 9, 2022, German and Rivers stopped and arrested him for a hit-and-run that allegedly took place on July 30, 2022. (DE 13, p. 5.) Kinard claims officers did not serve him with a warrant until nine days after the August 1, 2022, incident report. (DE 13.) Kinard contends the case was administratively closed without an investigation following Brigman's receipt of a tape made by a juvenile and her

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

legal guardian. (*Id.*) Plaintiff claims he did not do it, and they never saw him on August 1, 2022. (*Id.*) Plaintiff alleges officers did not serve the warrant within 48 hours of arrest as is required. (*Id.* p. 5.) Plaintiff claims the officers delayed service to obtain more evidence to support his arrest for the hit and run. (*Id.* pp. 5–6.) Plaintiff states there is no proof any victim was injured, nor was there any damage to any vehicle from the incident. (*Id.* p. 6.) Plaintiff alleges he was deprived of his freedom and illegally seized, and his parole was violated for something he never did, but no one will tell the truth. (*Id.*)

Since Kinard filed this action under 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court may dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on January 4, 2024, the Magistrate Judge issued the Report given her initial review of the pleadings. The Report found,

> Plaintiff seeks damages stemming from his parole officer finding that he violated his parole based on an alleged false incident report charging him with a hit and run. ECF No. 13 at 5–6. Plaintiff's claims, however, are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486–487. *Heck* is also applicable to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions); *Harris v. Miller*, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ("To the extent Appellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated."); *Brown v. Lemacks*, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), adopted by 2010 WL 2179490 (D.S.C. May 27, 2010). Plaintiff has not alleged factual allegations to show a favorable disposition of his parole revocation proceedings such as to subject Defendants to monetary damages.

(DE 31, pp. 3-4.) Accordingly, the Report recommends the action be dismissed because the complaint fails to state a claim upon which relief can be granted. (DE 31, p. 4.)

Kinard objected to the Report on February 12, 2024 (DE 36); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Kinard's response to the Report, the Court gleans the following "objection" to the Report. Kinard objects to the Report because the hit-and-run charge against him was dismissed, and law enforcement did not have reason to arrest him, among other matters related to the incident. (DE 36, p. 2.) Nevertheless, Kinard offers nothing to address the Report's finding that his claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Report correctly notes, in *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where the success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck*, 512 U.S. at 486–487. *Heck* also applies to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions). Since Plaintiff has not alleged factual

3

allegations to show a favorable disposition of his parole revocation proceedings, such as to subject Defendants to monetary damages, the Court overrules his objection.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report and Recommendation and incorporates it by reference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed *without prejudice* and without issuance and service of process.

**AND IT IS SO ORDERED.**

                                                                                            _____
                                                                                            Joseph Dawson, III
                                                                                            United States District Judge

Florence, South Carolina
August 26, 2024

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.